UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RITA SCHINDELER-TRACHTA, D.O., §<br>Plaintiff §<br> §<br>v. §<br> §<br>TEXAS DEPARTMENT OF STATE §<br>HEALTH SERVICES, AUSTIN STATE §<br>HOSPITAL, STEVEN CATHEY, M.D., §<br>AND ALAN ISAACSON, §<br>Defendants. § | Case No. 1:17-cv-00257-SS |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(6), AND, IN THE ALTERNATIVE, FOR RULE 7 ORDER CONCERNING QUALIFIED IMMUNITY**

TO THE HONORABLE SAM SPARKS, U.S. DISTRICT JUDGE:

Plaintiff Rita Schindeler-Trachta, D.O. ("Plaintiff" or "Dr. Schindeler-Trachta"), files this Response to Defendants' Motion to Dismiss Under Rule 12(b)(6), and, In the Alternative, for Rule 7 Order Concerning Qualified Immunity ("Motion to Dismiss").[1]  In support, Plaintiff respectfully shows as follows:

**I.
SUMMARY OF THE ARGUMENT**

1. Regarding Plaintiffs' Title VII claims against individual defendants Steven Cathey, M.D., and Alan Isaacson, Plaintiff hereby nonsuits these claims without prejudice.  Plaintiff seeks relief under Title VII against Texas Department of State Health Services and Austin State Hospital only. Accordingly, Defendants' motion as to the Title VII claims is moot.

---

[1] Subsequent to Defendants' filing of their Motion to Dismiss, Plaintiff filed her First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  *See* Document No. 11 (Sept. 5, 2017).  Thus, this Response will refer to Plaintiff's First Amended Complaint rather than her Original Complaint, except where otherwise noted.

2.   Defendants seek to dismiss Plaintiff's claim under the Equal Pay Act, but the Court should reject this argument.  The allegations contained in Plaintiff's Complaint provide fair notice of Plaintiff's Equal Pay Act claim and sufficiently show a plausible claim for relief.  Plaintiff's Complaint establishes that she was paid less than comparable male employees who performed substantially equal jobs under substantially equal conditions.  Further, as discussed below, Plaintiff properly compared her salary to the salaries of other physicians who hold the same position as Plaintiff in different offices within the Texas Health and Human Services system.  This comparison is authorized by long-standing Federal law and is the <u>exact comparison</u> that Defendant Texas Department of State Health Services (DSHS) made when it evaluated Plaintiff's salary.  Defendants have failed to offer this Court any valid reason to dismiss Plaintiff's claims, and, therefore, the Court should deny Defendants' Motion to Dismiss.

## II.
## PLAINTIFF NONSUITS THE TITLE VII CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

3.   Plaintiff hereby nonsuits the Title VII claims against individual defendants Steven Cathey, M.D., and Alan Isaacson, without prejudice.  Plaintiff seeks relief under Title VII against Texas Department of State Health Services and Austin State Hospital only.  Accordingly, Defendants' motion as to the Title VII claims is moot.

## III.
## PLAINTIFF HAS ALLEGED APPROPRIATE COMPARATORS WITHIN THE MEANING OF THE EQUAL PAY ACT, AND THUS HER EQUAL PAY ACT CLAIMS SHOULD NOT BE DISMISSED.

4.   To state a claim under the Equal Pay Act, an employee must allege that she is paid different wages than employees of the opposite sex for work on jobs that require substantially equal skill, effort, and responsibility and that are performed under substantially equal working conditions.  *See Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993).  In her First Amended Complaint, Plaintiff

(a doctor of Osteopathic Medicine at the Austin State Hospital or ASH) alleges the following, among other things, regarding her Equal Pay Act claim:

> There are four non-psychiatrist physicians working at the Austin State Supported Living Center (ASSLC) who perform medical care for the long-term patients in that facility.  Plaintiff's working conditions at ASH are similar to the working conditions under which these physicians work at ASSLC, which, like ASH, is a facility in Austin that is part of the HHS system and that provides medical care for medically fragile patients with mental and physical health issues.  The jobs held by Plaintiff and these physicians have the substantially equal responsibilities of performing non-psychiatric medical care for long-term patients.  The jobs held by Plaintiff and these physicians require the substantially equal skills necessary for acting as the primary care physicians for patients requiring complex, long-term care.  The jobs held by Plaintiff and these physicians also require the substantially equal effort necessary to perform both the medical services and the management and administrative tasks required of Attending Physicians with similar patient loads.  Like Plaintiff, two of the ASSLC physicians are classified as "Physician III" and two are classified as "Physician II," which is a lower classification than Plaintiff.  However, all four of these physicians are paid considerably more than Plaintiff, receiving annual salaries of between $224,664 and $200,859.  All four of these physicians are male.

*See* Plaintiff's First Amended Complaint (Dkt. #11) ¶ 17; *see also id.* ¶¶ 18, 39-40.

5.  These allegations set forth the elements of an Equal Pay Act claim that are described above (*i.e.*, different pay for substantially equal work under substantially equal conditions), provide fair notice of Plaintiff's Equal Pay Act claims, and sufficiently show a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

6.  In their Motion to Dismiss, Defendants claim that Plaintiff's only allegations in support of her Equal Pay Act claim are that both she and the male physicians to which she should be compared "perform medical care" and are "classified as a 'Physician III.'"  *See* Motion to Dismiss (Dkt. #6) at 7.  However, as shown above, Plaintiff has offered extensive allegations to illustrate that Plaintiff and the comparators performed substantially equal work under substantially equal conditions.

Defendants' argument does not reflect Plaintiff's actual allegations and offers this Court absolutely no reason to dismiss Plaintiff's valid Equal Pay Act claims.[2]

7.   In addition, Defendants argue that the comparators cited by Plaintiff in her First Amended Complaint are improper because they work at ASSLC, which is at a separate physical location from ASH (where Plaintiff works).  According to Defendants, this comparison does not satisfy the requirement that an Equal Pay Act claim be determined by comparing employees who work at the same "establishment."  *See* Motion to Dismiss (Dkt. #6) at 6.  Defendants correctly cite to part of the Department of Labor regulation that defines the term "establishment," which states that generally an "establishment" refers to a "distinct physical place of business."  *See id.*; 29 C.F.R. § 1620.9(a).  However, Defendants do not mention the remainder of that regulation, which states that "unusual circumstances may call for two or more distinct physical portions of a business enterprise being treated as a single establishment."  *See* 29 C.F.R. § 1620.9(b).

8.   Consistent with this regulation, courts throughout the country and within the Fifth Circuit have found, for decades, "that there are situations in which a single establishment can include operations at more than one physical location."  *Mulhall v. Advance Security, Inc.*, 19 F.3d 586, 591 (11th Cir. 1994) (holding that Equal Pay Act plaintiff could be compared to employees working at different office locations); *Marshall v. Dallas Indep. Sch. Dist.*, 605 F.2d 191, 194 (5th Cir. 1979) (holding that entire school district, rather than individual schools, constituted an establishment); *Brennan v. Goose Creek Consol. Indep. Sch. Dist.*, 519 F.2d 53, 58 (5th Cir. 1975); (holding that entire school district, rather than individual schools, constituted an establishment); *Tomchek-May v. Brown County*, 581 F. Supp. 1163, 1168 (E.D. Wis. 1984) (holding that entire county, rather than

---

[2] Plaintiff's Original Complaint contained similar allegations to those stated in her First Amended Complaint.  *See* Plaintiff's Original Complaint (Dkt. #1) ¶¶ 38-39; *see also id.* ¶ 17.  Like the First Amended Complaint, Plaintiff's Original Complaint also satisfied the requirements of Federal Rule of Civil Procedure 12(b)(6).

individual county departments, constituted an establishment). "A contrary result obtained through narrow construction of the word 'establishment' could 'make proof of discrimination more difficult, thus frustrating congressional intent.'" *Mulhall*, 19 F.3d at 91 (quoting *Goose Creek*, 519 F.2d at 57).

9. Although the circumstances evaluated by the courts in determining whether multiple physical locations constitute a single establishment vary from case to case, one frequently cited factor in this analysis is the extent to which the locations are subject to some type of centralized control. *Mulhall*, 19 F.3d at 91. "The hallmarks of this standard are centralized control of job descriptions, salary administration, and job assignments or functions." *Mulhall*, 19 F.3d at 91.

10. In this case, the facts alleged by Plaintiff establish that ASH and ASSLC are part of a single establishment under the Equal Pay Act. In her First Amended Complaint, Plaintiff alleges that "[a]lthough ASSLC and ASH are located in different physical locations, both hospitals are part of the HHS system," and, therefore, at a minimum, "both locations are subject to the management and control of HHS." *See* First Amended Complaint (Dkt. #11) ¶ 18. Similarly, in their Motion to Dismiss, Defendants admit that, while ASH and ASSLC are in two different physical locations, they are "both part of the health and human services system." Motion to Dismiss (Dkt. #6) at 7.

11. Plaintiff also alleges additional facts showing the extent to which ASH and ASSLC are under the common control and operation of HHS:

> In fact, while ASSLC and ASH previously fell under different departments within HHS (the Department of Aging and Disability Services (DADS) and DSHS, respectively), that is no longer the case. Through Senate Bills 200 and 202, the 84th Texas Legislature eliminated whatever administrative distinctions, if any, that had existed between HHS, DADS, and DSHS. DADS has been eliminated entirely, and its operation of ASSLC and all of its other functions have been transferred to HHS. Similarly, much of DSHS's functions, including its operation of ASH and the other Texas State Hospitals, have been transferred to HHS. See Tex. S.B. 200, 84th Leg., R.S. (2015); Tex. S.B. 202, 84th Leg., R.S. (2015); https://www.dads.state.tx.us/; http://www.dshs.texas.gov/TransitioningPrograms.aspx.

*See* First Amended Complaint (Dkt. #11) ¶ 18.

12. Further, regarding the specific "hallmarks" of centralized control listed above. Plaintiff alleges that she and two of the comparators held a common job description, specifically the statewide description "Physician III," which describes the job functions that are expected of all Physician IIIs and references an associated "Salary Group" *See* http://www.hr.sao.texas.gov/Compensation/JobDescriptions/R4438.htm. *See* First Amended Complaint (Dkt. #11) ¶¶ 14 & n.1, 17, 39. The other two comparators perform the same job functions as Plaintiff, but are classified as "Physician II." While this classification is lower than Plaintiff's classification, these two male physicians are still paid tens of thousands of dollars more per year than Plaintiff, even though they perform substantially equal work as Plaintiff under substantially equal conditions. *See* First Amended Complaint (Dkt. #11) ¶ 17.

13. Moreover, as discussed in its July 15, 2015, Action Memorandum described in Plaintiff's First Amended Complaint, Defendant DSHS did not treat different locations within HHS as separate establishments and, instead, evaluated Plaintiff's salary against the standard of "similar positions <u>within the HHS enterprise</u>." *See* Plaintiff's First Amended Complaint (Dkt. #11) ¶ 15, 18 (quoting Action Memorandum for the Commissioner (July 15, 2015) at 2 (emphasis added)); *see also* Plaintiff's Original Complaint (Dkt. #1) ¶ 15. Thus, while Defendants ask the Court to treat different locations within HHS as separate establishments, Defendant DSHS itself treats the <u>entire HHS system</u> as a single "enterprise" through which salaries (including Plaintiff's salary, specifically) are evaluated.

14. Therefore, the facts alleged by Plaintiff show that ASH and ASSLC are controlled and operated by HHS and that Defendant DSHS evaluated Plaintiff's salary relative to "similar positions" within the entire HHS system. Plaintiff merely asks the Court to hold Defendants to their

own standard that they have already applied to Plaintiff, follow the analytical framework established under Federal law, treat the two physical locations at issue as part of a single establishment, and deny Defendants' Motion to Dismiss.

15. Moreover, even if Defendants had a more meritorious argument for treating the locations at issue as separate establishments, this issue is not appropriate for resolution by motion to dismiss, as one district court recently ruled: "The fact intensive question of whether an employer maintains sufficient centralized control over different locations so that they constitute a single establishment under the Equal Pay Act is simply not appropriately answer at the motion to dismiss stage." *See Finefrock v. Five Guys Operations, LLC*, No. 1:16-cv-1221, 2017 WL 1196509, *3 (M.D. Pa. Mar. 31, 2017) (denying defendant's motion to dismiss plaintiffs' Equal Pay Act claims "for failure to adequately plead that separate [locations] could plausibly be considered a single establishment").

16. As described above, Plaintiff's Complaint shows a plausible claim for relief by alleging facts to show the essential elements of her Equal Pay Act claim and sufficient facts to show that the alleged comparators and Plaintiff should be treated as part of a single establishment for purposes of the Equal Pay Act. Defendants' Motion to Dismiss should be denied.

## IV.
## THE COURT SHOULD DECLINE TO EXERCISE ITS DISCRETION UNDER FEDERAL RULE OF CIVIL PROCEDURE 7(a).

17. Finally, Defendants request, in the alternative, that the Court order Plaintiff to file a reply to Defendants' claim of qualified immunity under Federal Rule of Civil Procedure 7(a). In making this request, Defendants inaccurately state that they are "entitled" to such an order. *See* Motion to Dismiss (Dkt. #6) at 8. In fact, the very case that Defendants cite in their Motion to Dismiss makes clear that there is no such entitlement but, rather, that the Court "may, in its discretion" issue such an order. *See Schultea v. Wood*, 47 F.3d 1427, 1433, 1433-34 (5th Cir. 1995). However,

Defendants have offered this Court no reason to exercise that discretion or to otherwise deviate from the ordinary pleading procedures afforded to litigants in this Court.

18.   Moreover, in making their Rule 7(a) request, Defendants appear to suggest that their qualified immunity claim is based on the notion that "reasonable state officials" are not aware that Plaintiff's salary should be compared to similar positions within the HHS system.  *See* Motion to Dismiss (Dkt. #6) at 8.  However, as discussed above, Defendant DSHS's own "Action Memorandum" not only shows that DSHS is aware that Plaintiff's salary should be compared to similar positions within the HHS system, but also shows that DSHS actually has made that <u>exact comparison</u>.  *See* Plaintiff's First Amended Complaint (Dkt. #11) ¶ 15, 18 (quoting Action Memorandum for the Commissioner (July 15, 2015) at 2.  If, instead, Defendants were attempting to make the broader claim that "reasonable state officials" are not aware that women should be paid the same as men for performing substantially equal work under substantially equal conditions, Plaintiff notes that the United States enacted the Equal Pay Act in 1963.  *See, e.g., Tomchek-May*, 581 F. Supp. at 1166.

## **REQUEST FOR RELIEF**

For the reasons stated above, Plaintiff has stated claims on which relief can be granted, and, therefore, Plaintiff asks the Court to deny Defendants' Motion to Dismiss and retain this lawsuit on the Court's docket and for all other just relief.

- 9 -

Respectfully submitted,

FROST DOMEL PLLC
Emily Frost
State Bar No. 24036601
711 W. 7th Street
Austin, Texas 78701
(512) 640-5501
(512) 225-5565 FAX
emily@frostdomel.com

By: /s/ Emily Frost
    Emily Frost

ATTORNEYS FOR PLAINTIFF

**Certificate of Service**

   I certify that on September 11, 2017, a true and correct copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Marc Rietvelt
Assistant Attorney General
Tort Litigation Division, MC-030
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2197
(512) 457-4457  FAX
Marc.Rietvelt@oag.texas.gov

ATTORNEY FOR DEFENDANTS

                   _____
                   Emily Frost